UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Khalid Mourid | § § § § § § § § § § § | |
| | § | Civil Action No. |
| v | § | 5:18-cv-1256 |
| Portfolio Recovery Associates, LLC | | |

Complaint

_____

# Introduction

1. Congress enacted the Fair Debt Collection Practices Act to protect consumer from mistreatment by debt collectors. The FDCPA begins by reciting the harms caused by misrepresentations by debt collectors. Among these are job loss, marital disharmony, and invasions of individual privacy.

2. The FDCPA is a strict liability statute, providing for actual and statutory damages on the showing of one violation. In reviewing an FDCPA complaint, courts "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard, assuming the Plaintiff-debtor is neither shrewd not experienced in dealing with creditors." *McMurray v ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012).

3. The FDCPA prohibits the use of false or misleading statements in connection with the collection of a debt and in 15 U.S.C. § 1692e provides a non-exhaustive list of conduct constituting *per se* violations.

4. The Texas Debt Collection Act, Tex. Fin. Code § 392.001 *et seq* puts similar restraints on debt collectors. It includes a provision requiring a debt collector to cease credit reporting while verifying a debt. Tex. Fin. Code § 392.202.

5. Plaintiff seeks statutory damages, actual damages, attorney's fees, and costs pursuant to the FDCPA.

## Jurisdiction & Venue

6. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7. Supplemental jurisdiction for Plaintiff's state law claim arises under 15 U.S.C. § 1367.

8. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

9. Plaintiff, Khalid Mourid, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

10. Defendant, Portfolio Recovery Associates, LLC, is a Delaware limited liability company whose primary business address is 130 Corporate Blvd Norfolk, VA 23502-4952. PRA may be served with summons via its registered agent Corporation Service Company D/B/A Csc-Lawyers Inc at 211 E. 7th Street Suite 620 Austin, TX 78701

**Facts**

11. PRA regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.
12. The principal purpose of PRA is the collection of such debts.
13. The Debt is a defaulted debt that Mourid used for personal, family, and household purposes (the "Debt").
14. Mourid took out a credit card with Synchrony Bank.
15. Mourid allegedly defaulted on this Debt.
16. Synchrony then sold the debt to PRA.
17. PRA sent a collection letter including the language required by 15 U.S.C. § 1692g.
18. In response to this letter, Mourid sent a letter requesting verification of the Debt.
19. PRA sent back a letter stating "Interest accrued since the date of purchase or last payment to PRA, LLC: $0.00."

20. PRA's letter implies that interest may be added to the amount due.

21. However, Mourid's debt was accelerated and charged off by the original creditor, interest can no longer accrue.

22. A true and correct copy of this letter is attached as Exhibit A, except that it has been redacted per Fed. R. Civ. P. 5.2.

23. In between the time Mourid sought verification of the debt and the time PRA provided it, PRA was required to cease collection efforts. 15 U.S.C. § 1692g(b) and Tex. Fin. Code 392.202.

24. By stating that interest may accrue on the Debt, PRA deprived Mourid of truthful, non-misleading information in verifying a disputed debt.

25. Following Mourid's dispute PRA failed to follow procedures provided for by state and federal law in violation of these laws.

## First Cause of Action – Fair Debt Collection Practices Act

26. PRA is a debt collector as defined by 15 U.S.C. § 1692a(6).

27. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

28. Mourid is a consumer as defined by 15 U.S.C. § 1692a(3).

29. The letter is a communication as defined by 15 U.S.C. § 1692a(2).

30. By implying that interest may still accrue on the Debt, PRA:
    a. Made a false representation of the character, amount, or legal statutes of a debt in violation of 15 U.S.C. § 1692e(2)(A); and
    b. Threatened to take an action that cannot legally be taken or that in not intended to be taken in violation of 15 U.S.C. § 1692e(5).

## Second Cause of Action – Texas Finance Code Chapter 392

31. Mourid is a consumer as defined by Tex. Fin. Code § 392.001(1).

32. The Debt is a consumer debt as defined by Tex. Fin. Code § 392.001(2).

33. PRA is a third-party debt collector as defined by Tex. Fin. Code § 392.001(7).

34. Texas Finance Code § 392.202 requires a debt collector to cease credit reporting while an investigation into a consumer's dispute is pending.

35. PRA violated Tex. Fin. Code § 392.202 by failing to cease reporing while investigating Mourid's dispute.

## Jury Demand

36. Plaintiff demands this case be tried before a jury.

## Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages per 15 U.S.C. § 1692 k(a)(1);

b. Statutory damages per 15 U.S.C. § 1692k(a)(2);

c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3);

d. Actual damages per Tex. Fin. Code § 392.403(a)(2); and

e. Attorney's fees, costs, and litigation expenses per Tex. Fin. Code § 392.403(b).

Dated: December 3, 2018

Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Drive
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com